UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE RUDDOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:18-cv-01072-GCS |
| | ) |
| ROBERT MUELLER and KEVIN KINK, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Andre Ruddock, *pro se*, is an inmate within the Illinois Department of Corrections ("IDOC"), currently housed at Kewanee Life-Skills Re-entry Center. On May 7, 2018, Plaintiff brought this action for deprivations of his constitutional rights while housed at Centralia Correctional Center pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Defendants Robert Mueller and Kevin Kink permanently prohibited Martha Cowgill and Veronica Lehman from visiting inmates in the IDOC in May 2016. (Doc. 1, p. 7-14). Both Ms. Cowgill and Ms. Lehman are former Wexford Health Sources, Inc. employees. (Doc. 47, p. 2). In connection with this incident, Plaintiff brought one claim under the First Amendment right to freedom of association and the Fourteenth Amendment right to due process of law. (Doc. 8). Plaintiff seeks declaratory judgement, monetary damages, and reinstatement of his visitation privileges with both individuals. (Doc. 1, p. 14-16).

On August 1, 2018, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Ruddock to proceed on the following claim:

> **Count 1** - Defendants violated Plaintiff's First Amendment right to freedom of association and/or Fourteenth Amendment right to due process of law by arbitrarily imposing a permanent visitation restriction against Cowgill and Lehman beginning in May 2016.
>
> (Doc. 8).

With the consent of the parties, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 8).

As the parties proceeded with discovery, Plaintiff submitted interrogatories to Defendants, one of which requested ". . . copies of any and all Declarations, Affidavits, etc. made in relation to the instant case by the defendants, any of their designees, or anyone with direct or indirect knowledge concerning the issues presented in this complaint."(Doc. 51). On July 3, 2019, Defendants answered Plaintiff's interrogatories. Defendants objected to the above interrogatory as "vague, overbroad in time and scope, irrelevant, and not proportional to the needs of the case." (Doc. 51). Plaintiff did not move for a court order to compel Defendants' answer to that interrogatory.

Defendants filed a motion for summary judgement on October 15, 2020. (Doc. 46). In their memorandum of law, Defendants argued that summary judgement should be granted because: (i) Defendant Kink was not personally responsible for any deprivation of Plaintiff's rights sufficient for liability under § 1983, (ii) Defendants did not deprive Plaintiff of a liberty interest without due process of law, (iii) Defendants denied Ms.

Cowgill and Ms. Lehman's visitation rights for legitimate penological purposes, and (iv) Defendants are entitled to qualified immunity regarding Plaintiff's Eighth Amendment claim. Shortly after filing the motion for summary judgement, Defendants filed the requisite Rule 56 notice to Plaintiff regarding the motion. (Doc. 48). Plaintiff did not respond to Defendants' motion for summary judgement. When the time to do so had elapsed, the Court granted Defendants' motion and took Plaintiff's failure to respond as an admission of the facts contained therein. (Doc. 49).

Now pending before the Court is Plaintiff's motion to stay summary judgement, filed on December 10, 2020. (Doc. 51). As the Court has already granted summary judgement, the Court construes this motion as a motion for reconsideration. *See, e.g., United States v. Cross*, 962 F.3d 892, 898 (7th Cir. 2020)(finding that the district court reasonably interpreted a plaintiff's motion to "terminate" attorney representation as a motion to substitute an attorney, rather than to return to *pro se* status). In his motion, Plaintiff asserts that because Defendants objected to Plaintiff's interrogatories, he did not have access to the affidavits Defendants used to support their summary judgement motion until the motion was filed. (Doc. 51, ¶ 2). Plaintiff therefore requests additional time to conduct discovery, as well as to serve additional interrogatories. (Doc. 51, ¶ 5). For the following reasons, Plaintiff's motion is **DENIED.**

When one party files a dispositive motion, such as a motion for summary judgement, the non-moving party has thirty days in which to file a response. SDIL Local Rule 7.1(c)(1). A non-moving party's failure to respond to a motion for summary

judgement constitutes an admission that there are no genuine disputes of material fact. *See Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995). However, if the non-moving party requires additional time in which to respond, it may move for an extension of time from the Court.

If a party moves for an extension prior to the deadline to respond, it need only show good cause for the extension. *See* FED. R. CIV. PROC. 6(b)(1)(A). Equally, a motion for an extension of time to respond is not doomed to fail if a party files it after the deadline has passed; instead, the party must show that the party's untimeliness was due to excusable neglect. *See* FED. R. CIV. PROC. 6(b)(1)(B). In determining whether neglect is "excusable," courts are to consider prejudice to the opposing party and the length of and reason for the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These factors distinguish "excusable neglect" from ordinary "plain neglect." *See, e.g., Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431–432 (7th Cir. 2019)(defining excusable neglect under 28 U.S.C. § 2107(a)); *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 708 (7th Cir. 2014)(differentiating excusable neglect from plain neglect in the context of Federal Rule of Appellate Procedure 4(a)(5)). The party moving for an extension of time bears the burden of excusing its neglect. *See United States v. McLaughlin*, 470 F.3d 698, 700–701 (7th Cir. 2006). If that party fails to provide any justification for its untimely extension request, it is an abuse of discretion to grant the motion and provide an extension. *See Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020).

When considering a *pro se* plaintiff's claim, the court should take appropriate measures to permit the adjudication of such claims on the merits, rather than dismissing the claims for technical reasons. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996). However, "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure." *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)(citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). If a party objects to interrogatories, "the burden is on the interrogating party to move under Rule 37(a) for a court order compelling answers." FED. R. CIV. PROC. 33 advisory committee note to 1970 amendment (3). Defendants objected to Plaintiff's interrogatories on July 3, 2019. If Plaintiff intended to contest this objection, the proper time to do so was after Plaintiff first received Defendants' answers. In the past, Plaintiff has filed a motion to compel with respect to other matters (*see* Doc. 26), so he clearly knows how to file and litigate such motions. Furthermore, Plaintiff received notice from Defendants regarding the consequences of failing to respond to the motion for summary judgement. (Doc. 48). Plaintiff may have requested an extension of time to respond to the motion, or even filed a motion to compel Defendants' answers to Plaintiff's interrogatories, at that time, but he did not.

Plaintiff provides no justification for requesting additional discovery so late after discovery has closed, nor does Plaintiff attempt to excuse his late filing of the current motion. Without an excuse to evaluate, the Court cannot find that Plaintiff has demonstrated "excusable neglect" justifying an extension of time in which to conduct

discovery or respond to Defendants' motion for summary judgement. For the foregoing reasons, the Motion to Stay Summary Judgement is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: December 14, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.12.14 11:13:31 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**